PERSONAL FINANCE COMPANY OF PROVIDENCE *vs.*
GEORGE L. NICHOLS.

JULY 18, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

214

CONDON, J. This is an action of the case in assumpsit on a promissory note. After a verdict for the plaintiff in the superior court, defendant moved in that court for a new trial, which was denied by the trial justice. The case is here on defendant's exception to such denial, his exception to the overruling of his demurrer to plaintiff's declaration and also ten other exceptions which he took to certain rulings of the trial justice during the trial.

Plaintiff alleged in its declaration that defendant, on May 1, 1941, gave it his promissory note in the sum of $300, in which he promised to pay the principal in monthly installments until it was paid in full; that he defaulted on the first monthly payment due on June 1, 1941; that thereupon, according to the terms of the note, the full sum at once became due; and that, thereafter, on demand defendant refused payment, wherefore plaintiff demanded damages in said sum with interest accrued. Plaintiff further alleged that defendant had fraudulently obtained the loan of said $300 by falsely representing to the plaintiff, in writing, that he was indebted to others at that time to the extent of only $600, whereas he was then actually so indebted to the amount of $1709.05; and, further, that by reason of such false statement, plaintiff was induced to lend defendant said sum of $300. For such reason plaintiff alleged that a discharge in bankruptcy, which defendant had obtained since his default on the note, was not a defense to this action by virtue of sec. 17 (2) of the bankruptcy act, which provides that "a.

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (2) obtaining property by false pretenses or false representations . . . ."

Defendant demurred to such declaration on the ground that it joins counts in breach of contract and tort for deceit. The superior court overruled that demurrer and defendant excepted. This is exception 13, and under it defendant contends that such ruling was erroneous because, in this state, it is not permissible to join counts in contract and tort in the one declaration. That is undoubtedly the law which is laid down in *Bull* v. *Matthews,* 20 R. I. 100, on which the defendant relies; but we think it is not applicable here, for the reason that we do not consider that plaintiff's declaration actually sets out two such counts. The fact is there is only one count in the declaration and that is a count charging breach of contract. The other matter alleged is in anticipation of a probable defense by defendant to the action on the debt. The time to meet such a defense is after it has been properly pleaded.

After the overruling of his demurrer, defendant filed a plea of discharge in bankruptcy. Thereupon plaintiff filed a replication to such plea, setting out substantially the same matter in avoidance of the discharge as it had alleged in its declaration. Defendant did not demur or otherwise object to such replication and the case thereafter proceeded to trial on the issue raised by such plea and replication. We are of the opinion that this was proper pleading. *Young* v. *Grau,* 14 R. I. 340.

In that case the matter in avoidance of the discharge in bankruptcy was set up only in a replication to defendant's plea of discharge and in sustaining the replication this court said: "A debt created by fraud is not void but voidable only, and therefore a creditor may assert both the debt and the fraud at the same time, so long as he asserts the fraud to avoid not the debt but the discharge." When the court there says "at the same time" we are of the opinion that it means in the course of pleading in the same case.

That case, therefore, is authority, not for including the matter of avoidance in the declaration, but for setting it up thereafter in reply to a plea of discharge in bankruptcy. In the circumstances of the case at bar, however, setting out such matter in the declaration was no more than a formal and not a fatal defect, especially since the matter in avoidance of the discharge was properly pleaded later to the defendant's plea of discharge. Defendant's exception to the overruling of his demurrer is, therefore, without merit and is overruled.

Defendant's exception 10, to the denial of his motion for a directed verdict, was based on the same ground as his exception 13, to the overruling of his demurrer to the declaration, and, therefore, it is without merit for the same reason and is accordingly overruled.

Defendant's exceptions 2 to 9, inclusive, are to rulings of the trial justice either excluding or admitting certain evidence over defendant's objections. We have carefully considered those objections and the reasons advanced by the defendant in support of them. Each of them is so lacking in merit that we deem it unnecessary to discuss them in detail here. On the issue raised by the plea and replication, the ruling of the trial justice in each instance, either excluding or admitting the evidence, was, in our opinion, correct. Exceptions 2 to 9, inclusive, are therefore overruled.

Defendant's exception 11 is to the failure of the trial justice to answer specifically the following question asked in open court by the foreman of the jury, after the jury had been charged and had been deliberating on their verdict for several hours: "If we believe that Schaller had some knowledge of more money being owed than is shown in the financial statement, does that release Nichols from having made a fraudulent statement?" The trial justice did not answer the question but had the stenographer read to the jury a part of his charge which he thought bore on the question. After it was read, he asked if that answered the question satisfactorily, to which the foreman replied: 'It's clear to

me." The foreman's question did not require a reply. To answer it or not rested in the discretion of the trial justice. Whether the part of his charge which he had the stenographer read was as helpful to the jury in their predicament as it could have been made may be doubtful; but, in any event, we are of the opinion that the action of the trial justice was not prejudicial to the defendant and, therefore, his exception 11 is overruled.

The final exception remaining for consideration is defendant's exception 1, to the denial of his motion for a new trial. On the evidence before the jury and the charge of the court, to which the defendant did not take exception, the issue to be determined was fundamentally a question of credibility between the defendant, on the one hand, and plaintiff witnesses Schaller and Smith on the other. Defendant testified that when he first applied, on April 30, 1941, to plaintiff's manager Schaller for a loan, he made known to him the names of all of his creditors and the full amount of the debts he owed them; and, also, that a certain written financial statement, which he signed and which stated that he was indebted in a much smaller sum and to only a few of his creditors, was a mere formality and was not the inducing cause of the loan which plaintiff made to him on May 1, 1941.

On the contrary, Schaller testified that defendant did not tell him about all of his creditors, nor did defendant disclose to him on either April 30, 1941 or May 1, 1941 the full amount of his, defendant's indebtedness; that the written financial statement signed by defendant was the inducing cause of the loan; and that it was not a mere formality. Smith, who was plaintiff's assistant manager, testified very much to the like effect, that the only debts of the defendant which he disclosed on May 1, 1941, were those which were set out by him in the written financial statement; that that statement was made out and signed by the defendant in his, Smith's, presence and not in Schaller's; and that he, Smith, granted the loan on the basis of such financial statement.

The evidence showed that defendant was actually indebted on May 1, 1941 in a much larger sum and to a much greater number of creditors than stated by defendant in that statement.

In his charge the trial justice plainly told the jury: "It is a question of whom you are to believe." He also specifically pointed out that it was very important for them to decide what happened on April 30, 1941, when defendant first saw Schaller about the loan and what happened on May 1, 1941, when he saw both Schaller and Smith on the same matter, because, as he said, the testimony on these events was sharply conflicting. In the circumstances, the trial justice's approval of the jury's verdict for the plaintiff has strong persuasive force.

The jury and the trial justice saw and heard the plaintiff's witnesses testify. The defendant testified by deposition. There is nothing in the record which shows the plaintiff's witnesses to be inherently unworthy of belief. The trial justice has expressly stated that they made a favorable impression upon him and that he could "find no good reason to doubt the truth of their testimony." In accordance with our well-established rule, we cannot, in such circumstances, say that his decision is clearly wrong. Defendant's exception 1 is, accordingly, overruled.

Defendant's exception 12 was set out in his bill of exceptions but was not allowed, and, therefore, need not be considered. All of his other exceptions having been overruled above, the case is remitted to the superior court for entry of judgment on the verdict.

*Hinckley, Allen, Tillinghast & Wheeler, Isadore Paisner,* for plaintiff.

*Joseph H. Coen,* for defendant.